FRANK E. LUNN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lunn v. Commissioner
Docket No. 44989-85.
United States Tax Court
T.C. Memo 1987-435; 1987 Tax Ct. Memo LEXIS 432; 54 T.C.M. (CCH) 356; T.C.M. (RIA) 87435; August 27, 1987. Frank E. Lunn, pro se. David S. Reid, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: ADDITIONS TO TAX
Section
Section
Year
Deficiency
6653(b) [1]
6654
1978
$ 9,574.64
$ 4,787.32
$ 304.76
1979
4,826.71
2,413.36
201.16
1980
4,218.47
2,109.99
254.99
The sole issue is whether respondent's determination of additions to tax pursuant to section 6653(b) should be sustained. FINDINGS OF FACT Petitioner resided in Belleville, Illinois, at the time the petitioner herein was filed. Petitioner was employed by the Metropolitan Life Insurance Company ("Met Life") as a district sales *434 manager, a sales manager, and a sales representative during the years in issue. Petitioner was married during the years at issue, but his wife is not a party to this case. Petitioner received income during the years at issue as indicated below. Income Sources
1978
1979
1980
W-2 wages from Met Life
$ 27,305.00
$ 22,523.00
$ 21,239.00
Dividends
294.00
512.50
425.50
Interest
190.00
131.50
--
Capital Gains
94.25
167.20
255.20
Pensions
4,084.00
--
--
Total
$ 31,967.25
$ 23,334.20
$ 21,919.70
For Federal income tax, Met Life withheld from petitioner's annual compensation $ 21.91 in 1978, $ 0 in 1979; and $ 179.99 in 1980. Such obviously low amounts were withheld because petitioner had completed a W-4 Form claiming 35 allowances. Respondent introduced at trial Forms 4340, Certificate of Assessments and Payments, which clearly indicate that petitioner failed to file returns for each of the years at issue. Nonetheless, petitioner steadfastly but unconvincingly claims to have filed returns for the years at issue. Attached to petitioner's brief are documents which he claims are copies of such returns. These documents do *435 not indicate petitioner's address or social security number. Two of the documents indicate that no tax or refund is due and one of the documents indicates that a refund of $ 179.99 is due. Petitioner filed returns for 1977 and 1981. [2]
Petitioner has not provided respondent's agents with any documents, records, receipts, or any other information pertaining to the years at issue and has been uncooperative. OPINION At trial the Court dismissed petitioner's case as to all issues for which petitioner bore the burden of proof. [3] Accordingly, the only issue before the Court is whether respondent's determination of the section 6653(b) addition to tax should be sustained. During the years in issue, section 6653(b) provided for an addition to tax equal to 50 percent of an underpayment, where any portion of such underpayment was due to fraud. Fraud is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. , affg. a Memorandum Opinion of this Court; . *436 Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); ;. The presence of fraud is a factual question to be determined by an examination of the entire record. . Petitioner's testimony that he filed returns was incredible and self-serving and is accordingly given no weight. See . The documents attached to petitioner's memorandum brief do not contain petitioner's address or social security number. Thus, even if the documents were sent to respondent, there is a serious question as to whether they even constitute returns. See , affd. . *437 See also secs. 6011(a) [4] and 6109(a)(1). [5] At any rate, based on the Forms 4340, [6] we hold that petitioner filed no returns for the years at issue. [7]
*438 Failure to file returns, without more, is not sufficient to prove fraud. . Failure to file may, however, be considered in connection with other facts in determining whether an underpayment is due to fraud. . Respondent has proven that petitioner failed to file returns for the years in issue; had substantial income for the years in issue; filed false W-4 Forms claiming 35 allowances, thus reducing to zero or near zero his withholding for income tax; and refused to cooperate with respondent's agents. Petitioner had filed returns for years prior and subsequent to the years at issue and was thus aware of his Federal income tax obligations. On these facts, we readily hold that respondent has met his burden of proving fraud by clear and convincing evidence for each of the years at issue. [8] Respondent's determination of additions to tax for fraud is sustained. *439 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner claimed five exemptions on both of these returns. ↩
3. Petitioner argues that the notice of deficiency was not timely sent by respondent. Since we ultimately hold, inter alia, that petitioner failed to file returns for the years at issue, petitioner's statute of limitations argument is meritless. See sec. 6501(c)(3). ↩
4. Section 6011(a) provides: When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or for the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations. ↩
5. Section 6109(a)(1) provides: When required by regulations prescribed by the Secretary: * * * Any person required under the authority of this title to make a return, statement, or other document shall include in such return, statement, or other document such identifying number as may be prescribed for securing proper identification of such person. ↩
6. See , on appeal (7th Cir. May 18, 1987); and . We also draw to some extent on petitioner's own incredible story of how he and a friend filed their returns together. The story was so unbelievable that it (1) indicates clearly that returns were not filed as described in the story and (2) allows the inference to be drawn that since returns were not filed as described, returns were simply not filed. ↩
7. In another case before this Court, docket No. 1838-87, petitioner brazenly indicated his willingness to attempt to mislead this Court to accommodate his needs. On October 17, 1986, respondent issued to petitioner and his wife a notice of deficiency with respect to 1982. On January 16, 1987, 91 days after the issuance of the notice of deficiency, petitioner and his wife filed a petition with this Court commencing the case at docket No. 1838-87. Attached to the petition was the original of the notice of deficiency which clearly indicated its date of issuance was October 17, 1986. Respondent moved to dismiss the petition because it was not filed within 90 days from the issuance of the notice of deficiency as is required by section 6213. Petitioner responded to the motion to dismiss by filing a copy of the notice of deficiency with its date clearly altered to read October 18,↩ 1986. The Court granted respondent's motion to dismiss. Petitioner's modus operandi in docket No. 1838-87 suggests that it is not unlikely that petitioner created the documents attached to his memorandum brief solely for purposes of this trial. 8. See (fraud is established where respondent proves that a taxpayer failed to file returns and filed false W-4 Forms eliminating income tax withholding). ↩